IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEPHEN WAYNE MULLICAN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-419-GPM |
| | ) |
| **LISA J. W. HOLLINGSWORTH,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Stephen Wayne Mullican, an inmate in the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2004 convictions in the United States District Court for the Eastern District of Tennessee. *See United States v. Mullican*, Case No. 03-cr-00134 (E.D. Tenn., filed Oct. 7, 2003).

According to the petition, Mullican pleaded guilty to bank robbery and was sentenced to 253 months imprisonment. No direct appeal was filed, but Mullican later sought relief from the trial court pursuant to 28 U.S.C. § 2255. That relief was denied, and the decision was affirmed.

In the instant § 2241 petition, Mullican asserts that his conviction is invalid because the United States District Court for the Eastern District of Tennessee lacked subject-jurisdiction over his criminal cases because the statutes relied upon for jurisdiction were never passed by both houses of Congress. Specifically, he asserts that Public Law 80-772, enacted in 1948, is unconstitutional and void, a claim he attempted to raise in his § 2255 motion.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that

upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Mullican is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Mullican does not contend, nor does it appear from the record, that he is one for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that Mullican may be barred from bringing a second or successive § 2255 motion is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the

remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001);[1] *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2$^{d}$ Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3$^{d}$ Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. Mullican's instant § 2241 action fails to demonstrate that relief pursuant to § 2255 was inadequate and, therefore, the instant action should be dismissed.

Accordingly, § 2241 cannot provide Mullican with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 12/28/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] *Ashley v. United States* overruled only Part III of the *Montenegro* decision. The *Ashley* Court held that a district court, court of appeals, or the Supreme Court can render a decision that a right initially recognized by the Supreme Court is retroactively applicable to cases on collateral review, as to begin the one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ashley*, 266 F.3d at 674.